UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JAMES BRIAN BLANKENSHIP,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:20CV1887 HEA |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court for judicial review of the final decision of the Commissioner of Social Security denying the application of Plaintiff for supplemental security income (SSI) Title XVI of the Social Security Act (SSA), 42 U.S.C. §§ 1381, *et seq*. The Court has reviewed the filings and the administrative record as a whole, which includes the hearing transcript and medical evidence. The decision of the Commissioner reversed and remanded.

## Background

Plaintiff applied for SSI benefits on August 27, 2018 alleging a disability beginning August 1, 2015. A hearing was held on February 21, 2020, via video, in front of an Administrative Law Judge (ALJ). In an opinion issued on May 19, 2020, the ALJ determined that Plaintiff was not under a disability at any time from his alleged onset date. In his decision, the ALJ found Plaintiff had the severe

impairment of schizoaffective disorder. The ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. While the ALJ found Plaintiff's impairment did not meet or medically equal a listed impairment, the ALJ did find some limitations. Specifically, the ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: he can perform simple, routine tasks, but he can have no communication or interaction with the general public.

Based on vocational expert testimony, the ALJ found Plaintiff could perform Work as a laborer, salvage, cleaner II, automobile detailer.

Plaintiff filed a timely Request for Review of Hearing Decision, and the Appeals Council denied the request for review. Plaintiff has exhausted all administrative remedies. The decision of the ALJ stands as the final decision of the Commissioner.

## Legal Standard

To be eligible for benefits under the Social Security Act, Plaintiff must prove that [s]he is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the inability "to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual will be declared disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner engages in a five-step evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At Step One, the ALJ determines whether the claimant is currently engaged in substantial gainful activity. At Step Two, the ALJ considers whether the claimant has a "severe" impairment or combination of impairments. At Step Three, the ALJ determines whether the severe impairment(s) meets or medically equals the severity of a listed impairment; if so, the claimant is determined to be disabled, and if not, the ALJ's analysis proceeds to Step Four. At Step Four of the process, the ALJ must assess the claimant's residual functional capacity – that is, the most the claimant is able to do despite her physical and mental limitations, *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) – and determine whether the claimant is able to perform any past relevant work. *Goff v.*

*Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at the fourth step of process).

The claimant bears the burden through Step Four of the analysis. If [s]he meets this burden and shows that [s]he is unable to perform [her] past relevant work, the burden shifts to the Commissioner at Step Five to produce evidence demonstrating that the claimant has the RFC to perform other jobs in the national economy that exist in significant numbers and are consistent with [her] impairments and vocational factors such as age, education, and work experience. *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012).

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Jones*, 619 F.3d at 968. Additionally, the Court must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, the Court must affirm the Commissioner's decision; the Court may not reverse the Commissioner's decision

4

merely because substantial evidence could also support a contrary outcome. *Id; see also Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017).

**Residual Functional Capacity (RFC)**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p.

## Statement of the Issues

Generally, the issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. The issue here is that the ALJ did not consider the increases in Plaintiff's symptoms when assessing the RFC, despite finding the opinion of the treating provider, Dr. Sreekant Kodela, was mostly persuasive and supported with the record. Plaintiff questions whether the ALJ supported his conclusion that Plaintiff was able to perform within the limitations of the RFC on a sustained and continuing basis

## Discussion

5

Plaintiff argues that the RFC finding did not include the limitation supported by the opinion evidence of Dr. Kodela, despite the finding that the opinion was mostly persuasive and supported by the record.

"The Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Hensley v. Colvin*, 829 F.3d 926, 931-32 (8th Cir. 2016) (citation omitted). "'Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace.' However, there is no requirement that an RFC finding be supported by a specific medical opinion." *Id.* at 932 (citation omitted). "[I]n evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox v. Astrue*, 495 F.3d 614, 619-20 (8th Cir. 2007) (citation omitted).

When evaluating medical opinion evidence, the ALJ will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions, including those from Plaintiff's medical sources. *See* 20 C.F.R. § 404.1520c(a). The regulation requires the ALJ to evaluate the persuasiveness of

6

medical opinions, and the most important factors the ALJ considers are supportability and consistency. *See* 20 C.F.R. § 404.1520c(b).

The ALJ found Dr. Kodela's was mostly persuasive. The opinion was supported by his findings that Plaintiff was subdued, with a down mood and sad tone. His assessment of Plaintiff's mental limitations was consistent with Plaintiff's reports of visual and auditory hallucinations, delusions, panic attacks, violent behavior, and a history of altercations, suicidal ideation and attempts and inpatient mental health treatment.

The ALJ recognized Dr. Kodela's opinion that Plaintiff would have bad days and needed to leave work prematurely or be absent two days per month, then failed to consider the effect this limitation would have on Plaintiff's ability to maintain a job. While the Court recognizes the ALJ is not required "to address each and every part of a medical opinion to show that the entire opinion was properly considered," *McClure v. Saul*, No. 1:20-CV-150-SNLJ, 2021 WL 3856577, at *7 (E.D. Mo. Aug. 30, 2021), the ALJ should articulate some reasoning for rejecting a limitation the ALJ found persuasive. The ALJ should have either explained his reasons for discounting this limitation or included it in the RFC assessment. *Ferguson v. Saul*, No. 2003147CVSMDHSSA, 2021 WL 3215097, at *3 (W.D. Mo. July 29, 2021); *Trotter v. Colvin*, 2015 WL 5785548, at *4 (W.D. Mo. Oct. 2, 2015) (finding error when the ALJ provided the opinion "some weight" and

7

addressed reasons for discounting some of the limitations included in the opinion, but failed to address other limitations and did not include them in the RFC assessment); *White v. Astrue*, 2012 WL 930840, at *7 (W.D. Mo. March 19, 2012) (finding error when the ALJ gave some weight to doctor's opinion, but did not include the doctor's opinion about the claimant's functional restrictions into the RFC finding); *Woods v. Astrue*, 780 F.Supp.2d 904, 913-914 (E.D. Mo. Jan. 26, 2011) (ALJ provided some weight to the treating doctor's opinion, but did not provide any reason for disregarding some of the limitations, requiring remand); *Murphy v. Colvin*, 2016 WL 4158868, at *7 (E.D. Mo. Aug. 5, 2016) ("The Court similarly rejects Defendant's argument that because the ALJ used the phrase 'some weight,' he was not required to explain and give reasons for his failure to assign an RFC that accords with the opinion.").

## Conclusion

After careful review, the Court finds the ALJ's decision fails to articulate his reason for rejecting a limitation that he found "mostly persuasive." The matter should therefore be remanded for this reason.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. §

8

405(g).

A separate judgment shall be entered incorporating this Opinion, Memorandum and Order.

Dated this 26th day of September, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE